Thank you, Your Honor. May it please the Court, my name is Thomas Weave and I represent Mr. Revels today. Autonomy to decide that the objective of the defense is to assert innocence belongs to the defendant. McCoy v. Louisiana decided just earlier this year by the United States Supreme Court. In order to make the key decisions in a case, the decision whether to go to trial or accept a plea agreement, the decision to testify, the decision whether to adopt a particular trial strategy, Strickland requires that defense counsel fully advise his client of the risk inherent in the available choices. In this case, Mr. Revels made three choices after consultation with defense counsel. Number one, he had decided to reject a plea offer of 15 years. Number two, he decided to waive jury and proceed by way of a bench trial. And number three, he acquiesced in his attorney's recommendation that they adopt a lesser included strategy at trial. But that third decision, the decision to adopt the lesser included strategy, was based upon incomplete information. Mr. Revels did not know that at the time of trial he qualified as a career offender and was facing a sentence of at least 15 years as a career offender. He did not know that he was a career offender because his attorney did not tell him. His attorney did not tell him because his attorney himself did not realize it until after trial. It makes no strategic sense to reject a plea offer of 15 years, risk a mandatory minimum of 40 years in order to adopt a strategy that places you at a position where you're still facing 15 years in prison. Mr. Revels testified that had he realized that he was a career offender still facing 15 years, he would not have acquiesced in his attorney's recommendation and would not have allowed him to adopt that strategy. Would not have acquiesced in the recommendation to go to trial? No. He still would have gone to trial. The question was whether to adopt an all or nothing strategy or to adopt a strategy that encompassed the possibility of a lesser included. And his attorney felt that a lesser... Well, there are two steps and I want to make sure. One was he rejected the plea which meant they were going to go to trial. Correct. And then when they were on their way to trial or maybe even during trial, we'd adopt the strategy of we'll plead to the lesser included. And that's the second decision. He didn't plead to the lesser included, but his attorney wanted to argue for the lesser included. The record is clear that Mr. Revels was very involved in his defense, fully engaged. He's a very smart man. I think the record reflects that and it's been my experience as well. And the attorney wanted to argue for the lesser included and ultimately Mr. Revels agreed to that trial strategy. But it was based upon his belief that if the strategy was successful, he would receive significantly less than the 15-year plea offer that had been offered to him. Right. And then what did he get? I realize there was a later reduction in sentence, but what did he get then as his initial sentence? At sentencing in 2012, he got 16 years, just slightly more than the minimum for a career offender. And then he eventually gets what after the readjusted sentence? I requested a resentencing, he got 120 months, 10 years. And I do want to address... So if he ends up having less than the mandatory minimum, having 10 years, then what's the basis for his claim? The basis for his claim is that, I think you need to analyze this in terms of what was going on at the time of trial. At the time of trial, the Sykes case had just recently come out of the United States Supreme Court. The ink was still wet at the time of Mr. Revels' trial. Defense counsel testified he was aware that the Sykes case had come out. He'd gotten an email notification through the CJA, et cetera, that the decision had come out, but he did not realize the impact that the Sykes decision would have on Mr. Revels' case. The Sykes decision is pretty clear that Mr. Revels qualified as a career offender. It would have been impossible to foresee in 2011, 2012, that Sykes would be overruled within five years by the Johnson case. Had Sykes not been overruled by the Johnson case, Mr. Revels would still be facing the original 16 years. So from the perspective of the decisions that were being made at the time of trial, Mr. Revels was making a decision to reject a 15-year offer when he, at the time, he did qualify as a career offender. This court affirmed the fact that he was a career offender when he appealed his original sentence. It was only the change in law in 2016 with the Johnson decision that changed that. So what's he asking for now in terms of relief? We're asking for a new trial. So you don't want the 15 years? No. The relief we're seeking is a new trial, Your Honor. Would you address the lesser-included offense issue and his, I guess, acquiescence in that? I guess I'm not sure I fully understand the question in terms of... Well, I think your argument is, you know, he's here on this trial, we have the lesser-included offense, and that's not appropriate, right? I believe that, well, I think that legally it was appropriate. I think it was a lesser-included, and I think everyone accepts that. The question is whether, as a matter of trial strategy, it should have been urged on the court. There's also a sub-issue of whether the court could have adopted the lesser-included sua sponte, and both sides have addressed that in their briefing. Neither side could find any Federal case that says that. I did cite a series of State cases. There's quite a few State cases, and they divide about 50-50 on that question. So there's a rhetorical question in a sense, because I'm sure you've talked him through on this one. But if you get a new trial, and if the State goes back after him under the original indictment, he's back on mandatory minimums, which subjects him to a very long sentence. Is that a risk he wants to take? I mean, I assume yes, because I assume you've told him this is what the risk is. I guess my belief is that the judge found him not guilty of counts 2 and 3. Double jeopardy bars retrial on that. Oh, I see. So you don't really want a retrial. You want to go back and say double jeopardy. Well, I think he could be retried on the lesser-included that the court convicted him of. But as far as — and I suppose hypothetically, there's been — this area of career offender is an ever-evolving, moving target. I suppose hypothetically, under some even more recent case law, he could, again, be facing a career offender for even the lesser-included. Right. I mean, so that's what he may — could win the battle, lose the war. He could win the battle and lose the war. Mr. Revels is a very persistent man. Right. Do you want to save your remaining time? Good morning, Your Honors, and may it please the Court. I'm Michael Dionne, and I represent the United States. As counsel's argument just made clear, there is only one issue being argued to this Court, and that is Mr. Revels' claim that trial counsel was ineffective, because when trial counsel was discussing this strategy of suggesting to the Court that it might convict him of this lesser-included offense of aiding and abetting, that at that point, trial counsel did not tell Mr. Revels that he might qualify as a career offender. Now, setting aside whether that was error by counsel in the first place, the dispositive thing here is that Strickland requires a showing of prejudice stemming from that error, and there are two independent reasons why Revels cannot possibly show prejudice. The first is that it is undisputed that the sentence he is serving today is not based on evidence. It is based on that career offender guideline. He was initially sentenced as a career offender. That sentence was overturned on resentencing after Johnson invalidated the residual clause of the armed career criminal statute. The Court, at resentencing, did not apply the career offender guideline. He got a sentence of 120 months. And when was that sentence imposed? How much more time were we looking at? That was 2016. He's got about — his release date is sometime in 2020, because several years. With good time? Yeah. Yes, and several years had ran. So the sentence that was based on the alleged error is gone. It was vacated. And when it went away, so did any possible claim of prejudice. Now, I just heard counsel argue that you should analyze prejudice at the time of the trial and at the moment of counsel's alleged error. That is not the law. The Supreme Court held in Lockhart v. Fretwell, 506 U.S. 364, that a court in analyzing prejudice should consider subsequent developments after the time of the alleged error. And that makes perfect sense, because prejudice is looking at the ultimate outcome. Was the ultimate outcome affected by counsel's error? He was not a career offender in the end. And so there was no possible prejudice from the failure to tell him that for some brief period, he would have been a career offender. Well, there was possible prejudice. There's no ultimate prejudice. Yes. And in the end, there is no possible prejudice. There's a second independent reason, which is that the trial court found in its order that it would have convicted revels of the aiding and abetting offense, even if counsel had not suggested that as a possibility. Defense counsel said that there's no cases answering this one way or the other. It's true that there are no cases that hold that a federal court has the power in a bench trial, sua sponte, to consider a lesser included. But there are several cases saying that in jury trials, federal courts have the power to sua sponte instruct them on a lesser included. The party autonomy rule that counsel mentioned from some state decisions is not the law in the federal system. The Cannon case that we cited specifically said that charging the jury is the judge's province. The parties are free to make suggestions, but the judge has the ultimate decision. The Crow case from this circuit held that the judge correctly instructed the jury sua sponte on a lesser included. Now, if the judge can instruct the jury sua sponte on a lesser included, there's no reason why the judge wouldn't be able to consider it in a bench trial, where, if anything, the court should have greater latitude than in a jury trial. And the court's finding was very clear in this case. The court said, and this is at page 22 of the excerpts of records, in a discussion of whether the court would have convicted him of the lesser included, even if it was not raised by counsel, the court said that it would, after considering all of the evidence, have considered, convicted Revels of aiding and abetting. So whatever counsel might have told Mr. Revels about the career offender guideline would not have made any difference. The court was going to convict him as an aider or abetter in the end, no matter what. Do we have any precedent in the Supreme Court or the Ninth Circuit that confirms that a trial court in abetting in a bench trial has the power to sua sponte decide a case on the aiding and abetting ground? We do not, Your Honor. All of the case law that we have is dealing with the judge's power to instruct sua sponte in a jury trial. Okay, and so your argument is if the judge can do that in a jury trial, then surely the judge can do it in a bench trial. That's exactly right, and defense counsel or appellant's counsel has never suggested any reason why that power would suddenly go away when it becomes a bench trial. Your Honors, unless the court has any other questions, that's all I have. Thank you, Your Honor. I did want to address the court order where Judge Settle in 2016 said he would have considered the lesser included. I would suggest a closer look at the trial record specifically, and you'll find it in the excerpts of record at pages 176 and 177, which is a portion of the original trial. I would suggest that Judge Settle was Monday morning quarterbacking about what he would have done in 2012 when he made his order in 2016. The record from the trial indicates that Judge Settle had not given any thought to a lesser included until it was first suggested by defense counsel. When defense counsel did bring it up, Judge Settle expressed confusion. He also specifically turned to counsel for the government and said, do you agree that this is a lesser included that I can consider, and the government agreed that it was. So I would suggest that Judge Settle was not giving any thought to a lesser included until it was first raised by defense counsel. How do you respond to the argument that what we look at is where he finally ends up, that is to say ultimate prejudice, he ends up with a 10-year sentence? Well, he is serving a 10-year sentence right now, but that is because of a tactical decision by the government to give up their appeal. I would suggest that Mr. Revels is a career offender, and the reason I say that is because the Beckles case, which came out after Mr. Revels was sentenced, found that Johnson is not retroactive  in his decision. The government originally appealed the resentencing and then abandoned the appeal. Had they not abandoned that appeal, I think we'd be up here and Mr. Revels would be facing... That doesn't answer the ultimate question of where does he end up or where has he ended up. Well, he's serving a 120-month sentence right now. That is the fact, and procedurally the only way that can change is if this court were to grant the relief that I'm seeking. Right, and my guess is if you get a new trial, what you're hoping is that the state will say, for another couple of years I'm going to let it go. His release date, I believe, is in December of 2020, so he's looking at a little over two years. He would prefer to be with his family.
judges: McKeown, W. Fletcher, Gould